**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHAN KEVIN TURNER, | No. 09-55524 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00360-W-RBB |
| v. | |
| BONNIE DUMANIS, District Attorney of the County of San Diego; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Nathan Kevin Turner, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

post-conviction access to biological evidence for DNA testing.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001), and we affirm.

The district court properly dismissed Turner's claims that he was denied post-conviction access to biological evidence for DNA testing because he has not stated a viable due process claim. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2320-23 (2009) (holding that plaintiff had no viable procedural due process claim because state's procedures for post-conviction relief did not transgress recognized principles of fundamental fairness, and that there was no substantive due process right to post-conviction access to DNA evidence).

The district court properly dismissed Turner's claims that defendants destroyed materially exculpatory evidence in bad faith because Turner's conviction has not been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a constitutional claim that necessarily implies the invalidity of a conviction cannot be brought under § 1983 unless the conviction has already been invalidated).

Turner's remaining contentions are unpersuasive.

**AFFIRMED.**